**MESMER, Plaintiff-Appellant, v. JOHNSON, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3620. Decided January 5, 1954.

Edward R. Roberts, L. M. Cailor, Youngstown, for plaintiff-appellant.

Carlyle & Carlyle, Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

In this appeal by plaintiff, Ted Mesmer, on questions of law from the judgment of the Common Pleas Court in favor of the defendant, Paul W. Johnson, the Court of Appeals has carefully examined the entire record and finds that the parties on the 31st day of December, 1951, entered into the following compromise agreement:—

"Dec 31. 1951

"Whereas P. W. Johnson, the owner-seller, and Ted Mesmer, the buyer, have prior hereto arrived at the sale and purchase of a 93 M Marion Diesel Shovel, Serial No. 8493. for the purchase price of $37,000, f. o. b. McWhorter, W. Va.; and where-

as, the same has been shipped and delivered to the buyer at N. Lima, Ohio.; and whereas the parties came into dispute concerning the condition of the shovel in relation to alleged warranties made concerning the same and the alleged breach of the said warranties; and whereas the owner-seller and the buyer are desirous of reaching an amicable adjustment of the same;

"Now, Therefore, be it witnessed that in consideration of the mutual release of each other from further dispute and as a compromise and settlement and full release of any and all actions or causes of actions of any sort arising out of the sale and purchase of the above described shovel, the parties agree as follows:

"1. The seller acknowledges the receipt of three thousand dollars in hand this date paid him as the balance of the down payment due him.

"2. The seller acknowledges the receipt of the total purchase price of the following listed parts, f. o. b. Marion Power Shovel Co., Marion, Ohio, present price list, this date, said purchase price hereby being applied to the balance due on the shovel, which as of this date, is $31,000, thirty-one thousand dollars;

|  | Quantity |
|---|---|
| "1. Item 51 91F87A | 1 |
| "2. Item 74 10F176 | 2 |
| "3. Item 9 144B68 Full Bush | 1 |
| "5. Item 207 ½ x 1 Brass Dowel | 2 |

"6. $25.00 allowed by seller to weld present high gantry.

"7. One (1) complete set of swing and propeller friction blocks.

"8. Group 30365 Item 1 1¼″ pitch silent chain, two guide type 178 pitches. One complete chain.

"9. One power take off pinion

"10. Group 123-6-57 Quantity 2 (spin gear)

"11. Item 6-391-C-199 Spin gear

"12. Item 7-351-C-4 Internal gears.

"13. Group 119-6-13 Item 2 C11 C27 Yoke for hook roller Quantity 1

"14. Item 23-926 P849 pin in yoke for hook roller—Quantity 1

"15. Item 18-81-F-88 Hook roller Quantity 6

"16. Group 252-6-12 Item 12-147-B-211 Full bush in Item 2, Quantity 1

"17. Item 13-148-B-115 Full bush in Item 3, Quantity—1

"18. Four (4) bushings for the foot pins in upper frames.

"19. Quantity 2—Swing propel air bladders.

"The buyer agrees that he shall immediately upon receiving the bill of sale for said machine deliver the note and mortgage

in the amount of $31,000 minus the purchase price of the above listed parts to the seller and further agrees to make the first payment on said note on March 1, 1952.

"The parties agree that the note and mortgage shall be modified accordingly as to date and amount due.

"It is agreed that the Marion Power Shovel Co. invoice as submitted for the above listed parts shall be determinative of the amount the seller shall send to the buyer and credit the note accordingly.

Witnesseth:

John S. Ingram                                    P. W. Johnson
                                                         Owner-Seller
Edward Roberts                                      Ted Mesmer
                                                         Buyer."

Plaintiff's first cause of action in the common pleas court is to set aside that compromise agreement on the ground of fraud, and by further causes of action prayed for damages growing out of the sale and purchase of a certain shovel described in that agreement.

Such agreement is not void for "fraud in the factum," but only voidable. Therefore, before plaintiff may recover damages it was incumbent upon him to produce clear and convincing evidence of fraud inducing him to execute such compromise agreement. It may be said that the agreement is enforceable until it has been set aside on the ground of fraud in the inducement.

While more comprehensive definitions may be found for the phrase "fraud in the factum" it is here sufficient to say that fraud in the factum applies to an agreement inhibited by law —one which the law says shall not be entered into on the ground of public policy. Surely there is nothing in the law which forbids parties to enter into an agreement compromising their differences growing out of the sale and purchase of the described shovel. Indeed, it must be said that the law favors such agreement if entered into fairly and without fraud inducing its execution.

When this action was called for trial in the common pleas court that court took the position that the action could not proceed as one for damages until plaintiff would proceed upon his first cause of action and obtain a decree of the chancellor setting aside the agreement. Whereupon the plaintiff sought to strike such first cause of action from the petition. This the trial court refused to permit and appellant urges error in that respect. In this we find no error prejudicial to appellant, since no evidence was admissible on the issue of damages before that agreement (admitted to have been entered into by plaintiff and apparently drawn by his own attorney.

who signed as a witness), had been found unenforceable on the ground of fraud in the inducement, purely a chancery issue. See **Meyer v. Meyer, 153 Oh St 408.** From our careful examination of the record in this case we find that the plaintiff failed to sustain the burden upon him as to such chancery issue, and that being the decision of the common pleas court we find no error prejudicial to plaintiff wherein that court found in favor of the defendant.

The judgment must, therefore, be and the same is affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.